**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| REKWANE SHEVELL WAGNER-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-01871-AGF |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff ReKwane Shevell Wagner-Bey's motion for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 3. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. *See* 28 U.S.C. § 1915(a)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

## LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible,

the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## BACKGROUND

In this action for violation of his civil rights, Plaintiff names the State of Missouri and unnamed "St. Louis County officials . . . individually and official capacities" as Defendants. ECF No. 1 at 1. Plaintiff alleges that he is incarcerated for violation of a protective order and for a probation violation. Plaintiff's claims appear to arise out of or relate to the death of his five-year-old son while Plaintiff was incarcerated.

Plaintiff alleges that, on October 29, 2024, his son was hospitalized and sent into a coma. Plaintiff alleges that he spoke with the child's mother, who according to Plaintiff, gave inconsistent stories regarding the child's medical condition. Plaintiff accuses the child's mother of having the child on "DNR (do not revive)" and threatening to "pull the plug" on the child. *Id.* at 3. Plaintiff further alleges that he was present with his son while his son was hospitalized and that the medical team recognized Plaintiff as the primary caregiver because he was the only parent with the child from February 2025 until April 2025. Plaintiff alleges that he filed a restraining order against the child's mother for "her to stay away" from the child, and that the child's mother then filed a restraining order against Plaintiff in retaliation. Plaintiff alleges that the court granted the mother's request for a temporary protective order and, because of that order, Plaintiff was banned from the hospital and was unable to continue to care for the child. Plaintiff alleges that his child passed away on April 22, 2025. Plaintiff contends that the temporary protective order resulted in his son's death and also took away Plaintiff's right to see his three-year-old daughter.

For his legal claims, Plaintiff asserts that he is the "trustee of the ReKwane Shevell Wagner Bey Living Trust, Native Missourian, Private American, Citizen of the United States, Citizen of the Moorish National Republic of Peace, Grantor of the trust." *Id.* He alleges that the state and county have impaired and invaded the rights, property, and powers of Plaintiff as the trustee, and the privileges and immunities that belong to him. He then lists 23 paragraphs that purport to explain various legal doctrines such as subject-matter jurisdiction, standing, securities fraud, and corporate tax law, and that have no clear relevance to his factual allegations. In his prayer for relief, Plaintiff asks for a declaration that his constitutional rights have been

violated; for an injunction "to produce the original negotiable instruments/notes, produce the chain of custody of all notes in all cases associated with the principal and agent and the trust, produce all ledgers associated with all cases, and produce a full accounting and transfer of all rights, titles, and interest"; for release from custody and dismissal of all charges; and for compensatory damages of $1 million and punitive damages of $1 million against each Defendant.

## DISCUSSION

After careful review and liberal construction of the allegations of the pleadings, this case will be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). None of Plaintiff's allegations state a plausible claim for relief. The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner, setting out their alleged claims and the facts supporting those claims as to each defendant in a simple, concise, and direct manner. *See* Fed. R. Civ. P. 8, 10. Even self-represented litigants are obligated to abide by these Rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Nowhere in the Complaint does Plaintiff set forth a short and plain statement of what he claims entitles him to relief as required by Rule 8 of the Federal Rules of Civil Procedure.

Plaintiff provides no facts in support of any legal claim against the State of Missouri or against any St. Louis County official in their individual or official capacity. His only allegations that appear to reference the state, county, or its officials appear to involve the protective order he alleges was granted against him, presumably by the state court. As best the Court can decipher, Plaintiff blames this protective order for his son's death. However,

Plaintiff's allegations do not plausibly support any viable legal claim against the state, county, or its officials.

Even if Plaintiff's complaint alleged facts plausibly connecting the state, county, or county officials to a violation of Plaintiff's constitutional rights (it does not), Plaintiff's claims would fail as a matter of law. With respect to Plaintiff's claims against the state of Missouri, "[w]hile Section 1983 provides a federal forum to remedy many deprivations of civil liberties, . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Rather, "[t]he Eleventh Amendment bars such suits unless the State has waived its immunity." *Id.* Plaintiff has not plausibly pled any theory of waiver here.

With respect to St. Louis County as well as Plaintiff's claims against any county official in their official capacities,[1] municipalities such as the county can only be held liable for constitutional violations that result from: "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). Plaintiff has not plausibly pled any facts supporting any policy, custom, or deliberately indifferent failure to train or supervise that is causally connected to the harm alleged here.

With respect to the unnamed St. Louis County officials in their individual capacities, Plaintiff's allegations are not sufficiently specific to satisfy the exception to the general prohibition against fictious or unnamed parties. *See Perez v. Does 1-10*, 931 F.3d 641, 646 (8th

---

1 "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will*, 491 U.S. at 71.

Cir. 2019) ("It is generally impermissible to name fictitious parties as defendants in federal court, but an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery.") (citation omitted). Further, "[t]o prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation," *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017), and Plaintiff makes no allegations whatsoever about any individual official.

With respect to Plaintiff's request for release and dismissal of his charges, such relief is not appropriate in a § 1983 action. Rather, if a plaintiff is seeking release from confinement, challenges to the fact or duration of confinement are properly sought under a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Finally, to the extent Plaintiff appears to be asserting any claims based on a theory of sovereignty,[2] the Court rejects such claim as frivolous. *See, e.g., United States v. Simonson*, 563 F. App'x 514 (8th Cir. 2014) (stating that appellants' argument "that they are special, sovereign citizens" was frivolous); *United States v. Hardin*, 489 F. App'x 984, 985 (8th Cir. 2012) (rejecting as meritless appellant's challenges to a court's jurisdiction based on his status as a sovereign citizen); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases rejecting claims of individual sovereignty including claims of a "sovereign citizen," a "secured-party creditor," and a "flesh-and-blood human being").

---

2 " Sovereign citizens are a loosely-affiliated group who believe government in the United States operates illegitimately and outside the bounds of its jurisdiction." *Waters v. Madson*, 921 F.3d 725, 732 n.4 (8th Cir. 2019).

## CONCLUSION

For the aforementioned reasons, the Court finds that Plaintiff's complaint is frivolous and fails to state viable legal claims. The Court will dismiss the complaint on initial review pursuant to 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's amended motion for leave to proceed *in forma pauperis* [ECF No. 3] is **GRANTED** and the filing fee is waived. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice** under 28 U.S.C. § 1915(e)(2).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 18th day of November, 2026.

Audrey G. Fleissig

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE